IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JUAN JOSE HERNANDEZ, ) <br> INDIVIDUALLY and d/b/a MAZATLAN ) <br> TACOS Y MARISCOS aka MARISCOS ) <br> MAZATLAN, ) <br> ) <br> Defendant. ) <br> _____ ) | 2:09-cv-03389-GEB-KJN <br><br> ORDER |

Plaintiff moves for the "appointment of a receiver of the liquor license bearing number 456047, used by the Defendant in the operation of its business" so that the receiver may "take possession of and sell the liquor license, the effect of which would be to provide for orderly payment of" a default judgment in the amount of $10,000 entered against Defendant. (Mot. for Appointment of Receiver of Liquor License 1:25-26, 2:8-9.) Plaintiff's motion also includes the following injunctive relief request:

> That the Defendant would be restrained, stayed and prohibited from continuing to operate [his] business, pending the sale of the liquor license[], that [Defendant] would be restrained from the sale, transfer, or other disposition of the license[]; that [Defendant] would be restrained from any act

1

to interfere with the receiver, either in part or in whole.

(Proposed Order Granting Mot. for Appointment of Receiver of Liquor License 2:16-19.) Plaintiff served its motion on Defendant on March 23, 2011 (ECF No. 24), but Defendant has not responded to Plaintiff's motion. Plaintiff's motion was heard on May 2, 2011; however, counsel appearing on Plaintiff's behalf stated he could not answer any question concerning the motion. Therefore, the hearing was useless and was promptly adjourned.

Plaintiff's motion demonstrates Plaintiff is entitled to have a receiver appointed for the purpose of taking possession and control of Defendant's liquor license, and selling the liquor license. However, Plaintiff has not shown it is entitled to the portion of injunctive relief it seeks which would enjoin Defendant "from continuing to operate [his] business, pending the sale of the liquor license." See generally Earth Island Inst. v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010) ("'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'") (quoting Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 376, 381 (2008)).

Therefore, it is hereby ordered:

1. Sheri L. Carello is appointed as a receiver and is granted the following powers:

    A. To take possession and control of Defendant's liquor license bearing number 456047 in accordance with California Civil Procedure Code section 708.630, which prescribes: "An application shall be filed to transfer the [liquor] license to the

2

receiver and a temporary retail permit shall be obtained during the pendency of the transfer." CAL. CIV. PROC. CODE § 708.630(c).

  B. To retain the services of a business opportunity broker, if necessary, to place the liquor license on the market for purposes of a competitive sale.

  C. To retain the services of an attorney and/or accountant, if necessary, to aid and assist in the sale of the liquor license.

  D. To proceed with a sale of the liquor license in accordance with the applicable sections of the California Business and Professions Code, and the applicable regulations of the California Department of Alcoholic Beverage Control; and to hold the proceeds of the sale of the liquor license in trust, pending further order of the Court.

2. The receiver shall be compensated at the expense of Defendant by way of a percentage of the amount recovered from the sale of Defendant's liquor license. The receiver also shall receive judicial approval from this Court before any referenced expense, fee, or service is incurred; and the service of payment shall be specified in the approval request.

3. Defendant is restrained from selling, transferring, or otherwise disposing of his liquor license bearing number 456047.

A status hearing is scheduled in this matter on August 29, 2011 at 9:00 a.m., and a status report shall be filed 14 days prior to the hearing, in which the following shall be addressed: the res of the

trust, if any; a proposed plan to distribute the res of the trust; and the need for the continued appointment of the receiver.

IT IS SO ORDERED.

Dated: July 20, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge